| | | |
|---|---|---|
| Image ID:<br>D00044697D15 | **SUMMONS** | Doc. No. 44697 |

IN THE DISTRICT COURT OF Lincoln COUNTY, NEBRASKA
301 N. Jeffers
North Platte          NE 69101

Katrina Beran v. VSL North Platte Court LLC

Case ID: CI 20      730

TO:  VSL North Platte Court LLC
DBA: Linden Court

You have been sued by the following plaintiff(s):

    Katrina Beran

Plaintiff's Attorney:   Jennifer L Meyer
Address:                2611 S 117th Street
                        Omaha, NE 68114

Telephone:              (402) 393-7529

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:  MARCH 1, 2021       BY THE COURT:  Debra McCarthy
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    VSL North Platte Court LLC
    Gary M Gotsdiner, Registered Agent
    11404 West Dodge Rd, Ste 500
    Omaha, NE 68154-2584

Method of service:  Certified Mail
Special Instructions:
AMENDED COMPLAINT

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

**EXHIBIT A**

Filed in Lincoln District Court
*** EFILED ***
Case Number: D15CI200000730
Transaction ID: 0012785928
Filing Date: 02/22/2021 02:58:45 PM CST

IN THE DISTRICT COURT OF LINCOLN COUNTY, NEBRASKA

| | |
|---|---|
| KATRINA BERAN, | Case No. CI20-730 |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT AND JURY DEMAND** |
| VSL NORTH PLATTE COURT, LLC, | |
| Defendant. | |

COMES NOW the Plaintiff, by and through her attorneys, and for her causes of action against the Defendant hereby states the following:

### PARTIES-VENUE-JURISDICTION

1. Plaintiff KATRINA BERAN is a resident of North Platte, Lincoln County, Nebraska.

2. Defendant VSL NORTH PLATTE COURT, LLC ("VSL") is a Nebraska limited liability corporation conducting business in Nebraska, and at all times relevant was doing business as "Linden Court" in North Platte, Lincoln County, Nebraska.

3. This Court has original jurisdiction over the claims arising under state law and concurrent jurisdiction under the claims arising under Federal law.

4. Venue is appropriate in this District under Neb. Rev. Stat. §25-403.02. The acts about which Plaintiff complains occurred during the course of her employment in North Platte, Lincoln County, Nebraska.

5. This Court has jurisdiction over Plaintiff's state law claims of sex discrimination (Neb. Rev. Stat. §48-1004), and retaliation (Neb. Rev. Stat. §48-1114) pursuant to Neb. Rev. Stat. §20-148.

1

6. On or about March 26, 2020, Plaintiff filed a charge of discrimination with the U.S. Equal Opportunity Commission (EEOC 563-2020-01577) claiming sex discrimination and retaliation under the Nebraska Fair Employment Practices Act.

7. On or about February 2, 2021, Plaintiff received her Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on charge number EEOC 563-2020-01577.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant from approximately March of 2019 to February 7, 2020, as a Nursing Aide and Medication Aide in Defendant's premises located at 4000 W. Philip Ave North Platte, Lincoln County, Nebraska.

9. During her employment with Defendant, Plaintiff was licensed, in good standing, as a Nurse Aide and Medication Aide by the State of Nebraska.

10. In January 2020, a male employee named Chris Eugene (hereinafter "Eugene") started to sexually harassing Plaintiff at work. Several instances of his inappropriate conduct are as follows:

   a. Plaintiff and Eugene were making a bed in a resident's room, when Eugene unexpectedly grabbed Plaintiff's hand and would not let go. Plaintiff pulled her hand away and told Eugene not to grab or touch her.

   b. Plaintiff and Eugene were changing a resident's undergarments when Eugene shoved Plaintiff out of the way and told her that lifting a resident was a "man's job." Eugene pushed Plaintiff up against a wall and groped her with his hands. Plaintiff responded by telling Eugene not to touch her and that she had been doing her job for almost a year with no problems lifting.

   c. Plaintiff and Eugene were in the cafeteria when Plaintiff felt him grope her buttocks

while she was bent over. Plaintiff was stunned and did not know what to say.

11. Other female employees told Plaintiff they had similar experiences with Eugene touching them and saying derogatory things about women.

12. On or about February 3, 2020, Eugene told Plaintiff to "pull the rag out and calm down." Plaintiff was so upset that she immediately reported all of the harassment to Mary Ann LNU, the Director of Nursing supervisor. Mary Ann LNU said she would report it to management.

13. Later in the day on February 3, 2020, Plaintiff saw Eugene in the cafeteria. Eugene was standing in front of the serving station where employees would pick up trays of food and deliver them to the residents. Eugene saw Plaintiff approaching the serving station and he purposefully stood in front of the serving station to block Plaintiff from collecting her trays. Plaintiff said, "Excuse me," and asked Eugene to move out of the way several times. Eugene heard Plaintiff but he did not allow her to pass by and collect her trays. Plaintiff waited patiently until she saw an opening big enough for her to pass through. As Plaintiff passed by Eugene, he elbowed her hard right in her chest.

14. Plaintiff reported the incident in the cafeteria and all of the previous harassment to Jasmine Moore, the administrative Director of Nursing. Jasmine Moore said she would launch an investigation.

15. On February 6, 2020, a female resident made a complaint to Plaintiff that Eugene refused to allow a female aide assist her in the restroom earlier that day. The female resident also complained to Plaintiff that Eugene was too rough in handling her during the incident. It was known by Plaintiff at the time that this particular female resident had specifically requested a female aide when toileting, and that this particular resident had filed a formal grievance against Eugene in the past for the same issues. Plaintiff told the female resident that she would need to go

get her a formal grievance form for the female resident to complete. The female resident became upset, telling Plaintiff that she did not want to file another grievance or she would be in trouble with him again.

16. Later on that same day, February 6, 2020, Plaintiff was taking the female resident down to lunch when they came upon Eugene. Eugene accused the female resident of calling him a "nigger." Plaintiff told Eugene that she did not hear the female resident use that word. Eugene became angry and yelled that he was just a "fucking nigger." Eugene used the profane language in front of the female resident that reported him, another female resident, Plaintiff and another employee.

17. That same day, on February 6, 2020, Plaintiff reported the two incidents with Eugene and the female resident to Nolan Gurney, Administrator, who opened an investigation with the company's Social Services Department. When Plaintiff was being interviewed, Mary Ann and Jessica LNU, from Human Resources, tried to convince Plaintiff to say things in her statement that were not true. Plaintiff refused and gave a truthful statement during the investigation.

18. On February 7, 2020, Plaintiff was suddenly terminated. When she asked Jessica LNU, Human Resources, why she was being terminated, she said that it was because Plaintiff was targeting Eugene.

19. To the best of Plaintiff's knowledge, Defendant never made a report to the State of Nebraska concerning the female resident's grievances against Eugene or Plaintiff's reports of his conduct towards the female resident.

20. Prior to her termination, Plaintiff's job performance was satisfactory.

21. At the time of her termination, Plaintiff was earning approximately $13.00 per hour for full time and overtime hours working for Defendant. As of the date of this filing, Plaintiff's

lost wages resulting from Defendant's wrongful conduct are approximately $21,000, and are continuing. As part of her compensation, Plaintiff also received employment benefits like paid time off and insurance in amount that is currently unknown to Plaintiff and will be subject to further discovery.

22. As a result of Defendant's wrongful conduct, Plaintiff suffered lost wages, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and has also incurred attorney's fees and other costs that are continuing.

**COUNTS I & II**

**RETALIATION**

**42 U.S.C. § 2000e-3(a) and Neb. Rev. Stat. §48-1114**

23. Plaintiff hereby incorporates paragraphs 1 through 22 as if fully set forth herein and states:

24. During her employment, Plaintiff engaged in protected activity, including but not limited to exercising her rights under Title VII and NEFEPA, by internally complaining of sexual harassment to her supervisors.

25. Defendant took adverse employment action against Plaintiff, including but not limited to subjecting her job performance to higher scrutiny than others, failing to investigate her claims of sexual harassment and terminating her employment.

26. There is a causal connection between Plaintiff's participation in protected activity and Defendant's adverse action against her.

27. As a result of Defendant's retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress;

humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and attorney's fees.

## COUNT III

### WHISTLEBLOWER RETALIATION

### Neb. Rev. Stat. §48-1114(3)

28. Plaintiff hereby incorporates paragraphs 1 through 27 as if fully set forth herein and states:

29. Defendant was at all times material an "employer" within the meaning of Neb. Rev. Stat. §48-1102.

30. During her employment, Plaintiff engaged in protected activity, including but not limited to opposing practices and refusing to carry out any action unlawful under Federal and state law. Specifically, Plaintiff complained of the mistreatment or abuse of a protected adult by one of Defendant's employees in violation of the Nebraska Adult Protective Services Act. The requirements of the Plaintiff's licenses from the State of Nebraska and the Adult Protective Services Act compel her to report such abuse to her employer. In failing to make the report, Plaintiff risked having her license revoked and/or criminal penalty.

31. Defendant took adverse employment action against Plaintiff, including but not limited to subjecting her job performance to higher scrutiny than others, failing to investigate her claims and terminating her employment.

32. There is a causal connection between Plaintiff's participation in protected whistleblower activity and Defendant's adverse action against her.

33. As a result of Defendant's retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress;

humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and attorney's fees.

## COUNT IV

## WRONGFUL TERMINATION IN VIOLATION OF NEBRASKA PUBLIC POLICY

34. Plaintiff hereby incorporates paragraphs 1 through 33 as if fully set forth herein and states:

35. Defendant was at all times material an "employer" within the meaning of Nebraska common law.

36. During her employment, Plaintiff refused to participate in Defendant's illegal acts in violation of state laws. Specifically, Plaintiff complained of the mistreatment or abuse of a protected adult by one of Defendant's employees. Failing to report suspected abuse of an elderly adult can subject Plaintiff to criminal penalty.

37. There is a causal connection between Plaintiff's termination and her refusal to participate in said illegal acts and subject herself to civil and/or criminal penalties.

38. As a result of Defendant's wrongful conduct, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and attorney's fees.

## COUNTS V AND VI

## SEX DISCRIMINATION

## 42 U.S.C. § 2000e-2 and Neb. Rev. Stat. §48-1004

39. Plaintiff hereby incorporates paragraphs 1 through 38 as if fully set forth herein and states:

40. Defendant discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her sex in violation of Title VII and the NEFEPA by treating her differently than similarly-situated male coworkers.

41. Plaintiff suffered adverse action, including but not limited to harassment, and termination of her employment.

42. Plaintiff's sex was a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

43. The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendant is subject to punitive damages.

44. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

## DAMAGES

45. Plaintiff hereby incorporates by reference paragraphs 1 through 44 and states:

46. As a result of Defendant's discrimination and retaliation, Plaintiff has suffered damages and seeks the following relief:

a. Back pay and lost benefits to the time of trial;

b. Front pay including retirement and other benefits;

c. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

d. Punitive damages under Title VII;

e. Attorney's fees, expert witness fees and other reasonable costs; and,

f. Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for all of her general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury.

Dated: February 22, 2021.

                                          KATRINA BERAN, Plaintiff

BY:   s/ Jennifer Turco Meyer
         Jennifer Turco Meyer #23760
         Of Dyer Law, P.C., LLO
         2611 S. 117th Street
         Omaha, Nebraska 68144
         (402) 393-7529
         (402) 391-2289 facsimile
         Jennifer@dyerlaw.com
         Attorney for Plaintiff

# Certificate of Service

I hereby certify that on Monday, February 22, 2021 I provided a true and correct copy of the Amended Complaint to the following:

VSL North Platte Court LLC service method: No Service

Signature: /s/ Jennifer Turco Meyer (Bar Number: 23760)