IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATRINA BERAN,<br><br>        Plaintiff,<br><br>    vs.<br><br>VSL NORTH PLATTE COURT, LLC,<br><br>        Defendant. | 7:21-CV-5003<br><br>MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES AND COSTS |

    Plaintiff won a jury trial on two of her original eight claims alleging a sexually hostile work environment in violation of Title VII and the Nebraska Fair Employment Practices Act (NFEPA). Filing 86. After applying statutory caps, this Court reduced the damages awarded by the jury to $500,000 for emotional distress on the Plaintiff's NFEPA claim and $200,000 in punitive damages on her Title VII claim under 42 U.S.C. § 1981a(b)(3)(C). Filing 101 at 15. Plaintiff then requested attorneys' fees and costs. Filing 103. After Defendant opposed Plaintiff's requested attorneys' fee, this Court granted Plaintiff's motion for attorneys' fees but reduced the hourly rate to $300 because the claimed rate was aggressive for the market at that time. Filing 129 at 9. This Court also reduced the overall fee award by 15% because Plaintiff's "unsuccessful claims did not share a 'common core of facts'" with the successful claims. Filing 129 at 13. Plaintiff's total recovery was $95,665.80 for attorneys' fees and $904 for costs. Filing 129 at 14. On Defendant's appeal, the Eighth Circuit Court of Appeals affirmed this Court's judgment. Filing 151 at 12.

    Plaintiff now seeks $34,230 in supplemental attorneys' fees and $1,795.86 in costs for work on Defendant's appeal. Filing 160 at 4 (¶ 20). For the reasons below, Plaintiff's Motion is granted.

1

## I.  INTRODUCTION

This Court stated in detail in the Memorandum and Order Regarding Plaintiff's Motion for Attorneys' Fees and Expenses the background that led to this Court granting Plaintiff's Motion for Attorney's Fees and Expenses at the end of Plaintiff's trial. Filing 129. Therefore, the factual and procedural statements here will focus on what happened after this Court granted the Plaintiff's Motion for Attorney's Fees and Expenses on October 18, 2023.

### A.  Procedural Background

Two of Plaintiff's original eight claims went to trial. Filing 40 at 29–30. At trial, the jury found for Plaintiff on her claims of a hostile work environment in violation of Title VII and NFEPA and awarded Plaintiff compensatory and punitive damages. Filing 86 at 1–2. After denying Defendant's post-trial motions, Filing 127, this Court granted Plaintiff's motion for attorneys' fees. Filing 129 at 14.

On appeal, Defendant first argued that it was entitled to judgment as a matter of law because there was insufficient evidence of a sexually hostile work environment and insufficient evidence to justify awarding punitive damages. Filing 151 at 6. And even if there were a sexually hostile work environment, Defendant asserts it took proper remedial actions. Filing 151 at 6. Second, Defendant argued the compensatory damages were excessive and should be remitted or the subject of a new trial. Filing 151 at 10. After oral arguments, the Eighth Circuit affirmed this Court. Filing 151 at 12. The Eighth Circuit subsequently remanded Plaintiff's motion for attorneys' fees on appeal to this Court for appropriate hearing and determination. Filing 154.

Consequently, Plaintiff now requests supplemental attorneys' fees and costs. Filing 160. Defendant has not opposed the pending Motion for Supplemental Attorney's Fees and Costs.

## B. Factual Background

After serving as lead counsel through trial, Jennifer Turco Meyer continued to represent Plaintiff on appeal. Since being admitted to practice law in Missouri in 2007 and in Nebraska in 2008, Attorney Meyer has had extensive experience litigating employment and personal injury cases while working for various firms. Filing 161-1 at 2 (¶ 6–8). On January 1, 2025, Attorney Meyer opened her own practice. Filing 161-1 at 3 (¶ 9). From January 2022 to December 2024, Attorney Meyer's hourly rate was $350. Filing 161 at 3 (¶ 14). After notice of Defendant's appeal, from November 2023 to November 2024, Attorney Meyer billed 7.8 hours to Plaintiff, totaling $2,730. Filing 161-1 at 4 (¶ 17); Filing 161-1 at 10. Attorney Meyer requests a total of $2,730 in attorneys' fees. Filing 160 at 3 (¶ 15).

To assist with the appeal, Attorney Turco Meyer brought on Benjamin I. Siminou as co-counsel. Filing 160 at 3 (¶ 16); Filing 161-2 at 1. Attorney Siminou is licensed inter alia in Nebraska. Filing 161-2 at 7. He clerked for the Nebraska Supreme Court from 2007 to 2008, and he began practicing law in California in 2009. Filing 161-2 at 7. During his time practicing law in California, Attorney Siminou has had various advocacy experiences, including serving on the appellate defense panel, leading or co-leading over 30 civil cases involving various causes of action while working at a California law firm, founding a solo practice dedicated to civil appeals work, and heading the Motions, Writs, and Appeals practice group for a national plaintiffs' civil-litigation firm. Filing 161-2 at 7. In his capacity as co-counsel, Attorney Siminou reviewed research, revised draft briefs, and prepared co-counsel for oral arguments. Filing 161-2 at 9–10. As of April 2024, and during the pendency of the appeal, Attorney Siminou's hourly rate was $300 and he billed 20 hours from April 8, 2024, to November 19, 2024. Filing 161-2 at 2 (¶ 9); Filing

3

161-2 at 3–4 (¶ 12). Plaintiff requests a total of $6,000 in attorney's fees for Attorney Siminou. Filing 161-2 at 3–4 (¶ 12).

Attorney Siminou enlisted the assistance of additional co-counsel, Sarah Weinman and Madison Young. Both Attorney Weinman and Attorney Young work with Attorney Siminou at Singleton Schreiber, LLP. Filing 161-2 at 3 (¶ 10); *see also* Filing 161-2 at 10. In her capacity as co-counsel, Attorney Weinman led the research and brief drafting. Filing 161-2 at 9–10. Attorney Weinman also traveled and conducted the oral arguments. Filing 161-2 at 10; *see also* Filing 161-2 at 14. Attorney Young, in her capacity as co-counsel, assisted Attorney Weinman with research, editing the brief, and preparing for oral arguments. Filing 161-2 at 9–10. As of April 2024, and during the pendency of the appeal, Attorney Weinman's hourly rate was $250, and she billed 70 hours since April 8, 2024. Filing 161-2 at 2–3 (¶ 9); Filing 161-2 at 3–4 (¶ 12). During the same time period, Attorney Young's hourly rate was $200 and she billed 40 hours. Filing 161-2 at 2–3 (¶ 9); Filing 161-2 at 3–4 (¶ 12). Plaintiff requests a total of $17,500 in attorney's fee for Attorney Weinman's time and a total of $8,000 for Attorney Young's time. Filing 161-2 at 3–4 (¶ 12). Together, for the time of Attorney Siminou, Attorney Weinman, and Attorney Young, Plaintiff requests $31,500 in attorneys' fees. Filing 160 at 3 (¶ 16).

Plaintiff is not requesting fees for minor billers such as legal assistants of either Attorney Meyer or Attorney Siminou. Filing 161-1 at 3–4 (¶ 15); Filing 161-2 at 3 (¶ 10). Therefore, in total, Plaintiff requests $34,230 in attorneys' fees. Filing 160 at 4 (¶ 20).

Plaintiff also requests $1,795.86 for incurred expenses. Filing 160 at 4 (¶ 20). The assisting co-counsels incurred the following expenses: $1,413.49 for airfare and transportation to Omaha,

4

Nebraska, for oral arguments, $223.07 for lodging, $45.80 for meals, and $113.50 in charges for Pacer documents and filings. Filing 161-2 at 4–5 (¶ 14).

## II.  STANDARD OF REVIEW

### A.  Consequences of Defendant's Failure to Oppose Plaintiff's Supplemental Motion for Attorney's Fees and Costs

Local rule NECivR 7.1 applies to "[a]ll miscellaneous motions, applications, requests, and petitions," such as the Plaintiff's Motion for Supplemental Attorney's Fees and Costs now before the Court. Specifically, NECivR 7.1(b)(1)(C) applies to Defendant's failure to oppose Plaintiff's request for supplemental attorneys' fees. NECivR 7.1(b)(1)(C) states that a "[f]ailure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." Therefore, Defendant has forfeited the opportunity to contest any of the statements of facts in support of Plaintiff's Motion for Supplemental Attorney's Fees and Costs.

### B.  Applicable Standard

The Eighth Circuit has explained the generally applicable standards to determine reasonable attorneys' fees, as follows:

> "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); *see also Harrison v. Harris-Stowe State Univ.*, 626 S.W.3d 843, 860 n.5 (Mo. Ct. App. 2021) (stating that "[t]he 'lodestar' is the starting point in determining reasonable attorneys' fees"). "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001)). "The court 'has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar.'" *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021) (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)). "When calculating the lodestar, a district court need not accept

5

counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation." *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014) (unpublished per curiam) (citing *Hensley*, 461 U.S. at 433–34, 103 S.Ct. 1933). "Although the district court need not explicitly state which hours it finds reasonable, it must at least calculate the hourly rate and the reasonable number of hours worked." *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 856 (8th Cir. 2021) (citing *Fires*, 565 F. App'x at 576). "In sum, the court should calculate the reasonable hourly rate and the reasonable number of hours worked [and] use these two variables to calculate the lodestar . . . ." *Burton*, 20 F.4th at 431. "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010).

"After calculating a fee award using either the lodestar method . . . , district courts generally evaluate 'the ultimate reasonableness of the award . . . by considering relevant factors . . . .'" *League of Women Voters of Mo. v. Ashcroft*, 5 F.4th 937, 941 (8th Cir. 2021) (second alteration in original) (quoting *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018)). "Although there is no one methodology for calculating an award of fees, it is important 'for the district court to provide a concise but clear explanation of its reasons for the fee award.'" *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 966 (8th Cir. 2012) (quoting *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933).

*Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 93 F.4th 408, 420–21 (8th Cir. 2024) (footnotes omitted). As to other "relevant factors," this Court applying Nebraska law has identified "the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services." *Ludlow v. BNSF Ry. Co.*, No. 4:12CV3113, 2014 WL 2155086, at *1 (D. Neb. May 22, 2014) (quoting *Fisher v. PayFlex Systems USA, Inc.*, 829 N.W.2d 703, 714 (Neb. 2013)), *aff'd*, 788 F.3d 794 (8th Cir. 2015).

## III. DISCUSSION

### A. The Hourly Rates and Hours Claimed Result in Attorneys' Fees Totaling $34,230

The Court first calculates the lodestar by multiplying the number of hours reasonably expended by the reasonable hourly rates. *Jet Midwest*, 93 F.4th at 420. Based on the Court's familiarity with the local bar and the prevailing market rate for similar work, *see id.*, the Court finds reasonable the claimed hourly rates of $350 for Attorney Meyer, $300 for Attorney Siminou, $250 for Attorney Weinman, and $200 for Attorney Young. The Court recognizes a $350 per hour rate is higher than the $300 per hour rate that this Court awarded to Attorney Meyer two years ago in its ruling on her request for attorneys' fees at trial. Filing 129 at 9, *published at Beran v. VSL N. Platte LLC*, No. 7:21CV5003, 2023 WL 6883630, at *5 (D. Neb. Oct. 18, 2023). Nevertheless, the Court concludes the higher hourly rate she now claims appropriately accounts for Attorney Meyer's increased level of experience and increased market rates over the past few years in this jurisdiction. The Court also concludes that the hourly rate of the assisting attorneys is reasonable, especially when balancing prevailing market rates; that the current customary rates for Attorney Siminou and Attorney Young are $525 and $375, respectively; and that the appeal occurred less than two years ago. Filing 161-2 at 2 (¶ 8).

Next, when determining the hours claimed, the Court "need not accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation." *Jet Midwest*, 93 F.4th at 420 (citation omitted). Using the itemized billing statements provided, the Court has reviewed the time claimed for the tasks involved. *See* Filing 161-1 at 10; Filing 161-2 at 9–10. The Court finds that all of the hours submitted were reasonably expended on the litigation. *Jet Midwest*, 93 F.4th at 420. Therefore, as

7

Plaintiff claims, Attorney Meyer's 7.8 hours of time at $350 per hour results in a fee of $2,730; Attorney Siminou's 20 hours at $300 per hour results in $6,000; Attorney Weinman's 70 hours at $250 per hour results in $17,500; Attorney Young's 40 hours at $200 results in $8,000; and all fees total $34,230.

### B. Nothing in the Record Rebuts the Presumption of Reasonableness of the Lodestar Figure

The Eighth Circuit reiterated that "[t]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Jet Midwest*, 93 F.4th at 420 (quoting *Perdue*, 559 U.S. at 554). This case does not present such "rare circumstances." *Id.* Considering the ultimate reasonableness of the award in light of the relevant factors, *id.*, the Court finds no factors warranting a reduction. This Court, in its earlier Memorandum and Order Regarding Plaintiff's Motion for Attorneys' Fees and Expenses, already factored in Plaintiff's partial success in the district court. Filing 129 at 7. When focusing solely on the result of the appeal, the Eighth Circuit's affirmance of the district court's decision is a complete success for Plaintiff. *See Ludlow*, 2014 WL 2155086, at *1 (explaining that "the result of the suit" is among the "relevant factors" to the reasonableness of an award under Nebraska law).

### C. The Costs Claimed are Reasonable and Adequately Supported

NECivR 54.3(b) states, "A party applying for attorney's fees and related nontaxable expenses must support the application with appropriate and reliable evidence and authority, including affidavits and any written argument." The Court finds that Plaintiff provided appropriate

and reliable evidence of the costs claimed. Plaintiff provides a breakdown of costs and corresponding receipts that equal $1,795.86 in costs. Filing 161-2 at 12. Airfare receipts include a charge of $331.35 for Attorney Siminou's one-way flight from San Francisco, California, to Omaha, Nebraska. Filing 161-2 at 13. Airfare receipts also show Attorney Weinman's charge of $962.95 for her round-trip flight between Minneapolis-St. Paul, Minnesota, and Omaha, Nebraska. Filing 161-2 at 14. Taxi receipts show charges of $27.20, Filing 161-2 at 16, and $91.99. Filing 161-2 at 17–18. Receipts confirm a $223.07 lodging charge, Filing 161-2 at 15, and $45.80 for meals. Filing 161-2 at 19. Finally, the docket reflects that Plaintiff paid $113.50 in Pacer document and filing fees. Consequently, Plaintiff is also awarded $1,795.86 in costs.

## IV. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Plaintiff's Motion for Supplemental Attorney's Fees and Costs, Filing 160, is granted as follows:

1.  Plaintiff is awarded $34,230 in attorneys' fees; and

2.  Plaintiff is awarded $1,795.86 in expenses and costs.

Dated this 21st day of November, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge